IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

UNITED STATES OF AMERICA

v.                                                      No. 4:25-CR-259-O

DANIEL ROLANDO
SANCHEZ-ESTRADA (09)

## RESPONSE TO FORFEITURE OBJECTION

For specificity, the government is only seeking judicial forfeiture of Sanchez's

2012 Chevrolet Silverado, VIN: 3GCPCSE04CG159159. All the remaining items in

Exhibit A have either been or will be returned to the administrative petitioner (such as

many of the items seized from the Denton apartment), are being kept because they were

used as evidence in the trial, or have been or will soon be administratively forfeited.

Regarding the items that have been or will be administratively forfeited, Sanchez was

provided notice of administrative forfeiture via his attorney, and he never, himself, filed a

petition or claim for any of the property.

Federal law permits a broad range of forfeiture to the United States of property

when an individual, entity, or organization plans, engages in, perpetrates, supports, or

conceals a federal crime of terrorism (as defined under 18 U.S.C. § 2332b(g)(5). 18

U.S.C. §§ 981(a)(1)(G) (authorizing civil forfeiture with federal crime of terrorism), 982

(authorizing criminal forfeiture). Under 28 U.S.C. § 2461(c), "[i]f a person is charged in

a criminal case with a violation ... for which the civil or criminal forfeiture of property is

authorized, the Government may include notice of the forfeiture in the indictment ...

Response to Forfeiture Objection - Page 1

pursuant to the Federal Rules of Criminal Procedure." In tandem with Section 2461, Federal Rule of Criminal Procedure 32.2(a) ensures the defendant receives adequate notice of the government's intent to seek forfeiture, whether criminal or civil. Fed. R. Crim. P. 32.2(a) (The "indictment or information" must contain "notice to the defendant" of the Government's intent to seek forfeiture "in accordance with the applicable statute.").

The government complies with this notice requirement so long as the notice alerts the defendant to the government's intent to seek forfeiture. *United States v. Loe*, 248 F.3d 449, 464 (5th Cir. 2001) ("An indictment is sufficiently specific if it 'puts the defendant on notice that the government seeks forfeiture and identifies the assets with sufficient specificity to permit the defendant to marshal evidence in their defense.'"); *cf. United States v. Ogbonna*, 34 Fed.Appx. 150, at *2 (5th Cir. 2002) (per curiam) (quoting *Loe*, 248 F.3d at 464) (noting that, where government did not seek forfeiture, "[t]he purpose of the notice of forfeiture in the indictment[—]to inform the defendant that the government seeks forfeiture as a remedy"—was not implicated). Thus, citation to the incorrect forfeiture statute does not defeat the government's forfeiture claims so long as the notice serves to alert the defendant that the government intends to seek forfeiture of some sort. *United States v. Silvious*, 512 F.3d 364, 370 (7th Cir. 2008) (finding that the government's citation to the wrong forfeiture statute in a case involving mail fraud did not defeat the "'essential purpose' of notice" under Rule 32.2(a), which is "to inform the defendant that the government seeks forfeiture so the defendant can marshal evidence in his defense") (citing *Loe*, 248 F.3d at 464); *United States v. Adams*, 159 F. Supp. 3d 688,

693 (N.D. Va. 2016) (*citing Loe*, 248 F.3d at 464). Moreover, "[t]he indictment...need not identify the property subject to forfeiture[,]" though the forfeiture order must "direct[ ] the forfeiture of specific property, and direct[ ] the forfeiture of any substitute property" where appropriate. Fed. R. Crim. P. 32.2(b)(2)(A). A forfeiture order becomes final "[a]t sentencing" unless "the defendant consents" to the forfeiture sooner. Fed. R. Crim. P. 32(b)(4)(A).

The government must prove forfeitability by a preponderance of the evidence. *United States v. Gasanova*, 332 F.3d 297, 301 (5th Cir. 2003). "[The] court's determination may be based on evidence already in the record . . . and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable." Fed. R. Crim. P. 32.2(b)(1)(B). Such information may include reliable hearsay. *See United States v. Capoccia*, 503 F.3d 103, 109-10 (2d Cir. 2007) (stating that Rule 32.2(b)(1) allows the court to consider "evidence or information," making it clear that the court may consider hearsay, which is consistent with forfeiture being part of the sentencing process where hearsay is admissible); *see also United States v. Gaskin*, 364 F.3d 438, 462-463 (2d Cir. 2007) (affirming the consideration of circumstantial evidence introduced post-trial in forfeiture proceedings as "additional evidence" under 32.2(b)(1)); *United States v. Evans*, No. 4:15-CR-15-2, at *3-4 , 2017 U.S. Dist. LEXIS 20150 (S.D. Tex. Feb. 13, 2017) ("Since forfeiture is a part of the sentencing process, the Federal Rules of Evidence do not apply, and hearsay is admissible." (citing *Capoccia*, 503 F.3d at 109-10)).

Here, there is no debate that Sanchez received adequate notice of the government's intent to seek forfeiture in this case. *Loe*, 248 F.3d at 464; (Obj. at 3.) And there is no debate that Sanchez agreed to have the Court decide the forfeiture issue "rather than the jury." (Obj. at 5, n.3.)

Under 18 U.S.C. § 981(a)(1)(G)(ii), "All assets, foreign or domestic" is "subject to forfeiture to the United States" that were "acquired or maintained by any person with the intent and for the purpose of supporting, planning, conducting, **or concealing** any Federal crime of terrorism . . . against the United States, citizens or residents of the United States, or their property." (Emphasis added.) Section 2332b(g)(5) defines the term *federal crime of terrorism* to mean "an offense that is calculated to influence or affect the conduct of government by intimidation or coercion, or to retaliate against government conduct; and is a violation of" several listed statutes but includes among that list sections "844(f)(2) or (3)," "1114," and "1361." These are the same statutes Sanchez's wife, Rueda, was convicted of in Count Two. Section 981(a)(1)(G)(ii) does not define the term *maintain*, but generally, in the context of property possession used in connection with a federal crime of terrorism or concealing the same, *maintain* means exercising control and connotes a degree of continuity and duration. *United States v. Barnes*, 803 F.3d 209, 216 (5th Cir. 2015).

Just as there is no debate that Sanchez received adequate notice of forfeiture and his decision to waive a jury determination as to forfeiture, there is equally no debate Sanchez "was convicted of two counts of Concealing Documents [that] were related to Rueda' arrest for Terrorism." (PSR Second Add. at 2.) As detailed in the government's

objection to the PSR, the evidence at trial established that Sanchez's obstruction of justice involved obstructing the investigation or prosecution of his wife's, Rueda's, offense of providing material support to terrorists, in violation of 18 U.S.C. § 2339A. In other words, he was trying to conceal her participation in the federal crime of terrorism. The evidence proved that at the time Sanchez engaged in his obstruction conduct, he knew Rueda had been arrested, he knew an officer had been shot and almost killed, he knew about the attack that happened at the Prairieland Detention Center, he knew the FBI was investigating the offense, he knew many of the people Rueda had been involved with in the attack, and he knew Rueda had been charged with serious offenses, including terrorism.

At the time Sanchez committed his obstructive conduct, he knew his wife, Rueda, and the others, went to the PDC to riot and attack the facility, which the U.S. Department of Homeland Security was using to house illegal aliens awaiting deportation. They brought numerous firearms, body armor, trauma individual first aid kits, ballistic helmets, and explosives. They vandalized government property, shot explosives at the facility, and one of them shot and attempted to murder the police officer who the PDC called for assistance. The evidence proved they were part of an Antifa cell, and they ascribed to a revolutionary anarchist or autonomous Marxist ideology, explicitly calling for the overthrow of the United States Government, law enforcement authorities, and the system of law. (ECF No. 127 at 3.) As detailed int eh government's objection tot eh PSR and its response to Sanchez's sentencing memorandum, the evidence proved Sanchez was a part of this same Antifa cell.

**Response to Forfeiture Objection - Page  5**

They advocated for and used violence to affect the policy and conduct of the U.S. government. The evidence established they were all motived by their opposition to the current U.S. government policy on immigration and the enforcement of deportations. (PSR ¶ 19.) And the evidence proves Sanchez shared in their same contempt for the U.S. government policy on immigration and the enforcement of deportations, and same contempt for law enforcement in general.

Finally, the evidence proved Sanchez controlled and used his Silverado truck to conduct his obstructive conduct in an attempt to conceal his wife's, Rueda's, involvement in the federal crime of terrorism. Thus, under 18 U.S.C. § 981(a)(1)(G)(ii), Sanchez's Silverado truck "is subject to forfeiture to the United States."

Accordingly, the government respectfully asks the Court to overrule Sanchez's objection to the government's motion for a preliminary order of forfeiture.

Respectfully Submitted,

RYAN RAYBOULD
UNITED STATES ATTORNEY


*s/ Frank L. Gatto*
FRANK L. GATTO
Assistant United States Attorney
Texas State Bar No. 24062396
United States Attorney's Office
Burnett Plaza, Suite 1700
801 Cherry Street, Box #4
Fort Worth, Texas 76102-6882
Telephone: 817-252-5200
E-mail: frank.gatto@usdoj.gov

**Response to Forfeiture Objection - Page  6**

CERTIFICATE OF SERVICE

I hereby certify that on June 22, 2026, I electronically filed the foregoing Government's Response with the clerk for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.

<div style="margin-left: 40%;">

*s/ Frank L. Gatto*

FRANK L. GATTO
Assistant United States Attorney

</div>